UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON
CIVIL CASE NO: 05-128-WOB

**KHALID EL-SHAZLY,**                                                        **PLAINTIFF**

v.

**CAROLYN S. ARNETT, ESQ., et al.,**                                         **DEFENDANTS**

**MEMORANDUM ORDER**

Plaintiff Khalid El-Shazly has moved to amend his complaint in order to add his minor child, Y.K. El-Shazly, as a party plaintiff. The defendants oppose amendment, arguing generally that plaintiff should not be permitted to belatedly bolster the merits of the original complaint, and that defendants will be unduly prejudiced by an amendment coming at the close of discovery.

"The thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.' " *Miller v. American Heavy Lift Shipping*, 231 F.3d 242, 248 (6th Cir. 2000) (citations omitted). A court will permit a party to add a new legal theory in an amended pleading as long as it arises out of the same transaction or occurrence. *Id.*
A party must have leave or consent of the court in order to amend his complaint after a responsive pleading has been filed. Fed. R. Civ. P. 15(a). However, leave to amend "shall be freely given when justice so requires." *Id.; see also Foman v. Davis,* 371 U.S. 178, 182 (1962).

In this case, defendants do not dispute plaintiff's contention that any claims of the minor child arise out of the same transaction or occurrence and otherwise are nearly identical to the existing plaintiff's claims. Plaintiff argues that for practical purposes, he could not have proposed the

1

amendment at an earlier time because he had not been awarded full custody of his child; indeed, custody proceedings apparently continue in state court. Defendants do not directly dispute plaintiff's explanation for the timing of the proposed amendment, but assert that the plaintiff's real purpose is to gain additional discovery time to produce an expert witness to support plaintiff's claim of emotional damage. The thrust of defendant's argument is that it will be unduly prejudiced if the parties are required to return to Cairo to take additional depositions.

With respect to the recent close of discovery, plaintiff has indeed moved to extend that deadline solely "to determine the need of an expert witness in assessing Plaintiff Y.K. El-Shazly's emotional damage." No prior motions to extend pretrial deadlines have been filed in this case by either party, and plaintiff's motion was appropriately filed prior to the expiration of the discovery deadline. Although defendants imply in their responsive memorandum that plaintiff's motions should be denied because defendants expect to succeed on summary judgment, defendants have filed no dispositive motions, and the dispositive motion deadline has now expired.

While leave to amend remains within the sound discretion of the trial court, a court ordinarily will deny leave to amend only when the amendment would be futile or cause undue delay which would unfairly prejudice the defendant.[1] *See Foman supra*. As the amendment would not appear to be futile given the lack of any dispositive motion filed to date, and any prejudice to the defendant can be minimized by limiting the extension of discovery, the amendment will be permitted.

---

[1] Of course, an amendment which adds a new party does not necessarily relate back to the filing of the original complaint for purposes of any applicable statute of limitations. *See e.g., Marlowe v. Fisher Body,* 489 F.2d 1057, 1064 (6th Cir. 1973).

Accordingly, **IT IS ORDERED HEREIN:**

1. Plaintiff's motion to amend his complaint to add an additional plaintiff [DE #20] is **granted,** and the tendered amended complaint shall be **filed**;

2. Plaintiff's motion to extend discovery for the limited purpose of determining the necessity of expert testimony to assess the minor plaintiff's alleged emotional damage [DE #21] is likewise **granted**. Additional discovery for this limited purpose shall be completed not later than **January 20, 2007**, with joint or separate status reports to be filed the same date;

3. In light of the limited extension of the discovery period, the court will also extend the dispositive motion deadline until **February 20, 2007**.

This the 20th day of October, 2006.

Signed By:
J. Gregory Wehrman
United States Magistrate Judge